EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GERALD A. ENGLER
Senior Assistant Attorney General
GREGORY A. OTT
Deputy Attorney General
JILL M. THAYER, State Bar No. 166428
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5954
  Fax: (415) 703-1234
  Email: Jill.Thayer@doj.ca.gov

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **ROBERT VERNON WOODS,** <br><br> Petitioner, <br><br> v. <br><br> **FERNANDO GONZALEZ, Acting Warden,** <br><br> Respondent. | C 07-05185 CW (PR) <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ANSWER** |

**STATEMENT OF THE CASE**

On April 25, 2003, petitioner pled guilty to possession of cocaine base (Cal. Health & Saf. Code § 11350(a)), being under the influence of cocaine (Cal. Health & Saf. Code § 11550(a)), and possession of drug paraphernalia (Cal. Health & Saf. Code § 11364), and admitted the truth of five prior strike convictions (Cal. Penal Code §§ 667(b) - (i) & 1172.12). Ex. 1, Clerk's Transcript ("CT") at 1-4; Ex. 2, 4/25/03 Reporter's Transcript ("RT") at 14-15.

On May 9, 2003, the court suspended imposition of sentence and granted probation for one year. CT at 8. The court summarily revoked probation and issued a bench warrant on February 19,

2004. CT at 17-19. On April 8, 2004, the court found a violation of probation and ordered a mental health evaluation pursuant to California Penal Code section 4011.6. CT at 20-22. On July 14, 2004, the court reinstated probation and extended the term to October 30, 2004. CT at 27. On September 10, 2004, the court summarily revoked probation and issued a bench warrant. CT at 29-31. On June 14, 2006, the court sentenced petitioner to 25 years to life. 1 at CT 171.

On June 25, 2007, the California Court of Appeal affirmed the judgment in an unpublished opinion. Exh. 6. The California Supreme Court denied petitioner's petition for review on August 29, 2007. Exh. 8.

## STATEMENT OF FACTS

The California Court of Appeal summarized the facts of the case as follows.

> In December 2002, [petitioner] flagged down a police officer to complain about a fare dispute with a cab driver. The officer noticed that [petitioner] appeared to be under the influence and that he kept putting his hands in his pockets. A search of [petitioner's] person revealed a crack pipe and three baggies of a substance resembling crack cocaine. A urine test was presumptively positive for cocaine.

Exh. 6 at 1.

The California Court of Appeal summarized the pertinent facts related to petitioner's sentencing, referring to petitioner as appellant, as follows:

> In December 2004, appellant committed three bank robberies in a case that ultimately came to this court on appeal from his sentence of 75 years to life plus 45 years.[1] All three robberies were committed at Bank of America branches in San Jose. Appellant took over $23,000 by passing notes to tellers or other bank employees, in one case saying that he had a bomb. Appellant wished the bank employees "Merry Christmas" during the robberies.
>
> In November 2005, the prosecutor filed an "anticipatory opposition to defendant's motion to 'strike' allegation[s] pursuant to [California] Penal Code section 1385." In December 2005, appellant filed a request for the dismissal of his strike priors under [California] Penal Code section 1385 "or dismissal of strike priors as cruel and unusual punishment."
>
> Appellant's motion reiterated in large part the motion to dismiss his prior strike convictions that was brought in the trial court before sentencing on the bank robberies. The motion described appellant's childhood. Appellant's father left him, appellant's mother, and appellant's three brothers. Appellant was sexually molested by his uncle. Appellant's mother married a man who was physically abusive to appellant and his brothers. Appellant began running away, drinking alcohol, and smoking marijuana. When

---

1. At appellant's request, this court has taken judicial notice of the record in *People v. Woods*, H029514. [The corresponding federal habeas action is *Woods v. Felker*, United States District Court, Northern District of California, case number C 07-05144 CW (PR).]

he was 15, he was sent to the California Youth Authority for armed robbery, burglary, and forgery.

Appellant's first three strike priors were incurred in 1980 when appellant was residing in a drug treatment program. Appellant entered an Exxon gas station and asked the attendant for change. When the attendant opened the cash drawer, appellant told him he wanted all of the money and showed the attendant a blue steel revolver in his waistband. In the following two weeks, appellant followed the same procedure at a Payless gas station and a Photo Drive Up. Appellant was sentenced to four years in state prison for three counts of robbery.

In 1984, appellant and a friend "after days of binging on alcohol and cocaine" committed a residential burglary in which a handgun, ammunition, and other property were taken. Appellant was sentenced to seven years in state prison. In 1992, appellant was convicted of making criminal threats to a woman he had been seeing socially and sentenced to 16 months in state prison.

In 2001 appellant got divorced, started smoking methamphetamine and crack cocaine, and began hearing voices. He attempted suicide by hanging himself in his mother's backyard and was hospitalized. In 2002, appellant began receiving treatment including medication from a mental health facility. Personnel there diagnosed appellant as "Schizo Effective, Paranoid Type."

In addition to the bank robberies described above, appellant, while on probation, was arrested for and pleaded guilty to theft from an elder and contracting without a license. ([Cal.] Pen.Code, §§ 368, subd. (d), [Cal.] Bus. & Prof.Code, §§ 7028, subd. (a).) Appellant's motion appeared to concede that "the court must consider that the recent robbery convictions occurred after this offense and while Mr. Woods was being supervised on probation." The motion argued that an individualized assessment of appellant should take into account "Mr. Woods prospects at rehabilitation, not in the community but in a custodial environment, the state prison system."

Exh. 6 at 3-4, footnote in original.

## ARGUMENT

### I.

### STANDARD OF REVIEW

Federal habeas corpus review of a state judgment is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under the AEDPA, the federal court has no authority to grant habeas relief unless the state court's ruling was "contrary to, or involved an unreasonable application of," clearly established Supreme Court precedent. 28 U.S.C. § 2254(d)(1). A state court's decision is "contrary to" law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or reaches a different conclusion based on facts materially indistinguishable from a Supreme Court case. *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A state court's decision constitutes an "unreasonable application" of Supreme Court

precedent if the state court identifies the correct governing legal principles, but the application of law to the facts is not merely erroneous but objectively unreasonable. *Id.* at 411-13. State courts are presumed to know and follow the law. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

In addition, the AEDPA limits the basis for federal habeas relief exclusively to "clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). This refers to "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams* at 412.

## II.

### PETITIONER'S CLAIM THAT THE STATE COURT ABUSED ITS DISCRETION IN SENTENCING DOES NOT STATE A COGNIZABLE FEDERAL DUE PROCESS ISSUE

Petitioner claims the trial court abused its discretion in refusing to dismiss multiple prior strike convictions in violation of due process and fundamental fairness in sentencing. Pet. at 6. His claim is not cognizable.

Federal habeas corpus relief is not available to correct errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). "Absent fundamental unfairness, federal habeas relief is not available for a state court's misapplication of its own sentencing laws." *Ely v. Terhune*, 125 F.Supp.2d 403, 411 (C.D. Cal. 2000) (holding claim that state court erred by refusing to strike prior strike conviction did not state federal question); *accord* Brown v. Mayle, 283 F.3d 1019, 1040 (9th Cir. 2002), *overruled on other grounds*, 538 U.S. 901 (2003). Accordingly, petitioner's claim is not cognizable on federal habeas corpus.

## III.

### THE STATE COURT'S DETERMINATION THAT PETITIONER'S SENTENCE DID NOT CONSTITUTE CRUEL AND UNUSUAL PUNISHMENT WAS NOT AN UNREASONABLE APPLICATION OF CLEARLY ESTABLISHED SUPREME COURT AUTHORITY.

Petitioner contends his sentence is cruel and unusual. Pet. at 6. The California Court of Appeal determination that petitioner's sentence does not constitute cruel and unusual punishment is not contrary to, or an unreasonable application of, United States Supreme Court authority.

In *Lockyer v. Andrade*, 538 U.S. 63 (2003), the United States Supreme Court considered

Memo of Points and Authorities in Support of Answer     Woods v. Gonzalez, Acting Warden
                                                          C 07-05185 CW (PR)

4

whether the California Court of Appeal's decision affirming the defendant's sentence of 50 years to life in prison for two counts of petty theft with a prior conviction was contrary to, or an unreasonable application of, clearly established United States Supreme Court authority. The defendant had stolen $153.44 worth of videotapes from two stores. *Id.* at 66. He had three prior strikes for residential first-degree burglary. *Id.* at 68. The Court acknowledged a lack of clearly established Supreme Court authority "in determining whether a particular sentence for a term of years can violate the Eighth Amendment." *Id.* at 72. The only relevant, clearly established Supreme Court authority is the "gross disproportionality principle, the precise contours of which are unclear, applicable only in the 'exceedingly rare' and 'extreme' case." *Id.* at 73. The Court held that it was not contrary to clearly established law for the California Court of Appeal to rely on *Rummel v. Estelle*, 445 U.S. 263 (1980) "in deciding whether a sentence is grossly disproportinate." *Id.* The Court concluded that it was not unreasonable to affirm the defendant's sentence of two consecutive 25 years to life terms for the two petty theft convictions with three prior strike convictions. *Id.* at 77.

In *Rummel*, the defendant was sentenced under a recidivist statute to life in prison with the possibility of parole upon his third theft-related felony conviction. The United States Supreme Court, in upholding the constitutionality of the statute, stated: "[The] primary goals [of a recidivist statute] are to deter repeat offenders and, at some point in the life of one who repeatedly commits criminal offenses serious enough to be punished as felonies, to segregate that person from the rest of society for an extended period of time. This segregation and its duration are based not merely on that person's most recent offense but also on the propensities he has demonstrated over a period of time during which he has been convicted of and sentenced for other crimes. Like the line dividing felony theft from petty larceny, the point at which a recidivist will be deemed to have demonstrated the necessary propensities and the amount of time that the recidivist will be isolated from society are matters largely within the discretion of the punishing jurisdiction." *Id.* at 284-285. The Court upheld the constitutionality of the statute, characterizing it as "nothing more than a societal decision that when such a person commits yet another felony, he should be subjected to the admittedly serious penalty of incarceration for life, subject only to the State's judgment as to whether to grant him parole." *Id.* at 278.

In *Ewing v. California*, 538 U.S. 11, 18-19 (2003) (plur. opn. of O'Connor, J.), the defendant was convicted of felony grand theft for taking three golf clubs worth $399 each. His criminal history included four prior strike convictions. *Id.* at 19. He was sentenced under California's three strikes law to 25 years to life. *Id.* at 20. "When the California Legislature enacted the three strikes law, it made a judgment that protecting the public safety requires incapacitating criminals who have already been convicted of at least one serious or violent crime. Nothing in the Eighth Amendment prohibits California from making that choice." *Id.* at 25. The Court determined that the sentence was not "grossly disproportionate" in light of his offense and recidivism, and therefore did not constitute cruel and unusual punishment. *Id.* at 28-31.

The California Court of Appeal's decision affirming petitioner's sentence was not an unreasonable application of clearly established United States Supreme Court authority. The California Court of Appeal noted that petitioner "has repeatedly reoffended, performed poorly on parole, and failed on closely-monitored probation." Exh. 6 at 9. According to the probation report associated with the 2004 bank robberies, petitioner had five prior felony and sixteen prior misdemeanor convictions as an adult prior to the present offenses.[2] CT at 130. In declining to strike the prior strikes, the trial court said:

> I have considered the nature and circumstances of the present felony, the defendant's previous conviction for violent serious felonies, his background character and prospects. I've noted a very extensive criminal history that has continued to the present date including while the test was personly on probation to mean being supervised by me and was reviewed on a regular business. He has continued to violate the law in his most recent conviction is of a serious felony that does pose in my view a threat to the community.
>
> I feel that based on my supervision of the defendant and all the reports I have received over these many, many months from probation and in the fact that he has continued violate the law while on probation and pose a threat to the community that this motion should be denied.

4/4/2006 RT 31.

The California Court of Appeal recognized that "[h]aving had such frequent contact with [petitioner] during the probationary period, and receiving reports on his progress, the trial court was well aware of [petitioner's] mental health struggles and drug abuse and was in an unusually well-

---

2. The six felonies and eighteen misdemeanors listed in the report include one felony and two misdemeanors from the present case.

Memo of Points and Authorities in Support of Answer              Woods v. Gonzalez, Acting Warden
                                                                          C 07-05185 CW (PR)

informed position to make an individualized determination about [petitioner]." In light of petitioner's lengthy criminal history, his sentence of 25 years to life for his present felony offense is not "grossly disproportionate." Accordingly, the state court's determination that petitioner's sentence does not constitute cruel and unusual punishment is not an unreasonable application of United States Supreme Court authority.

## CONCLUSION

Accordingly, respondent respectfully requests this Court to deny the petition for writ of habeas corpus.

Dated: July 14, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

GREGORY A. OTT
Deputy Attorney General


/s/ Jill M. Thayer
JILL M. THAYER
Deputy Attorney General
Attorneys for Respondent

20119253.wpd
SF2008400949