IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT VERNON WOODS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>TOM FELKER, Warden, et al.,<br><br>　　　　Respondents.　　　　　／ | No. C 07-05185 CW (PR)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |

　　Petitioner has requested appointment of counsel in this action.

　　The Sixth Amendment right to counsel does not apply in habeas corpus actions.  See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986).  Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation.  The decision to appoint counsel is within the discretion of the district court.  See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert, 791 F.2d at 728; Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984).  The courts have made appointment of counsel the exception rather than the rule by

limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which petitioner is in no position to investigate crucial facts; and (6) factually complex cases. See generally 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. See Chaney, 801 F.2d at 1196; Eskridge v. Rhay, 345 F.2d 778, 782 (9th Cir. 1965).

    The Court finds that appointment of counsel is not warranted in this case. Petitioner's claims are typical claims that arise in criminal appeals and are not especially complex. This is not an exceptional case that would warrant representation on federal habeas review. Therefore, Petitioner's motion for appointment of counsel is DENIED. This denial is without prejudice to reconsideration should the Court on its own motion find an evidentiary hearing necessary following consideration of the merits of Petitioner's claims.

    This Order terminates Docket no. 9.

    IT IS SO ORDERED.

Dated:  9/5/08

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

2

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ROBERT VERNON WOODS,

        Plaintiff,

  v.

WARDENS CDCR et al,

        Defendant.

Case Number: CV07-05185 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 5, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jill Marietta Thayer
Attorney General's Office
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102-7004

Robert Vernon Woods F-32883
California Correctional Institution
4A4 C-208-L
P.O. Box 1902
Tehachapi, CA 93581

Dated: September 5, 2008

                                         Richard W. Wieking, Clerk
                                         By: Sheilah Cahill, Deputy Clerk